

FILED

FEB 1 2 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KELLY GENE SVIR, | Cause No. CV 19-85-GF-BMM-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| PAT MCTIGHE, | |
| Respondent. | |

On December 29, 2019, Petitioner Kelly Gene Svir filed this action under 28 U.S.C. § 2254.[1] Svir is a state prisoner proceeding pro se challenging a May 2019 revocation of his state sentence. For the reasons set forth below, Svir's petition should be dismissed.

## I.    28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached

---

[1] See *Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Svir's claims are unexhausted, his petition should be dismissed without prejudice.

## I.    Procedural History/Svir's Claims

In 2004 Svir pled guilty to felony Driving Under the Influence; the sentence was subsequently revoked and Svir was committed to the Montana Department of Corrections for 3 years in May of 2019. (Doc. 4 at 2.)[2]

Svir sought review of his sentence from the Montana Sentence Review Division. On December 11, 2019, Svir's sentence was affirmed. *Id.* at 2, ¶ 9.[3] Aside from his sentence review proceedings, Svir has not sought additional direct or collateral review in the state courts. *Id.* at 2-3.

In the instant petition, Svir advances several theories upon which he believes the state lacked jurisdiction over him, including that: (1) the State of Montana is an artificial entity, *id.* at 3, ¶ 15(A); (2) the State of Montana is a corporation and its "corporate by-laws called codes, rules, and statutes" do not apply to Svir, who is a "non-corporate natural living being," *id.* at 4, ¶ 15(B);  (3) the State of Montana is

---

[2] See also, Montana Correctional Offender Network:
https://app.mt.gov/conweb/Offender/2045905/ (accessed February 12, 2020).

[3] See also, Montana Sentence Review Division:
http://montanacourts.org/courts/supreme/boards/srd/mwp/ctl/Form/mid/28655#703 33195-decisions---state-prison (accessed February 12, 2020).

an artificial legal corporation and "dead entity" that cannot speak, stand, or have standing, *id.* at 5, ¶ 15(C ); and, federal corporation KELLY SVIR is a fictional entity created by the United States. *Id.* at 6, ¶ 15(D).  Svir asks this Court to release him and dismiss the underlying criminal case. *Id.* at 7, ⁋ 18.

## II.    Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

3

give application to the constitutional principle upon which the petitioner relies," *id.*

*See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet

all three prongs of the test in one proceeding. "Mere 'general appeals to broad

constitutional principles, such as due process, equal protection, and the right to a

fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999,

cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the

jurisdictional claims Svir attempts to advance. As set forth above, Svir has not

sought direct or collateral review, including postconviction relief or a state petition

for habeas corpus relief.[4] While the Court is not commenting on the potential

merit of Svir's claims, before he can file a federal habeas petition, he must give the

state courts one full opportunity to review his constitutional claims. *O'Sullivan*,

526 U.S. at 845. But because Svir has not yet exhausted his available state court

remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509

(1982). Dismissal should be **without prejudice**, allowing Svir to return to this

Court if and when he fully exhausts the claims relative to his current custody.

## III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

---

[4] Svir may still have time to seek collateral relief. See e.g., Mont. Code Ann. § 46-21-102, requiring a petition for postconviction relief be filed within 1-year of a conviction becoming final.

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Svir has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, there are no close questions and reasonable jurists would find no basis to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Svir's Amended Petition (Doc. 4) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Svir may object to this Findings and Recommendation within 14 days.[5]

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Mr. Svir must immediately notify the Court of any change in his mailing

address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of February, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Svir is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.